IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISMAEL H. PADILLA,<br>    ID # 00356764,<br>        Plaintiff, | )<br>)<br>)<br>) |
| vs. | ) No. 3:21-CV-908-C-BH<br>) |
| DIR. TX., PRISON SYSTEM, et al.,<br>        Defendants. | )<br>) Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Application to Proceed In Forma Pauperis*, received on April 19, 2021 (doc. 6). Based on the relevant filings and applicable law, the application should be **DENIED**, and this case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

### I.   BACKGROUND

On April 19, 2021, Ismael H. Padilla (Plaintiff), an inmate in the Boyd Unit of the Texas Department of Criminal Justice (TDCJ), filed a complaint under 42 U.S.C. § 1983 against the Director, Texas Prison System; the Director of the Parole Division; the Governor of Texas, Greg Abbott; the Ombudsman for TDCJ-I.D.; and the Ombudsman for the Texas Parole Division (Defendants). (*See* doc. 2 at 1, 3.)[2] His complaint states:

> Prison/parole; employees, unlawfully imposed targettings [sic], retaliations, harrassments [sic], assaults, pressurings, ex-post-facto laws, reprosecutions, multiple punishments, illegal parole charges by entrapments, discriminations, unlawful detentions, denials of due process of state/federal U.S. constitutional rights and laws of U.S. Const.; imposed ex-post-facto laws by imposings of parole guidelines not of petitioner's law, he fell under of pre-65th, 65th legislatures; as well as new law; which states that if an accused parole violator did not commit a new felony, accused violator is not to be reincarcerated. (Petitioner did

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

not violated [sic] any parole rule, or "commit a new felony)."

(*Id.* at 4.)  He seeks release, monetary damages, and the arrest of Defendants.  (*See id.*)

Plaintiff was convicted of aggravated robbery and rape in Cause Nos. F83-88766-UP and F82-90756-RP in Dallas County, Texas, on May 3, 1983, and was sentenced to fifty years and twenty years of imprisonment, respectively.  *See Padilla v. Stephens*, No. 3:14-CV-295-N-BH, 2014 WL 1016096, at *2 (N.D. Tex. Mar. 14, 2014).  He has filed numerous state writs of habeas corpus challenging these convictions and the denial of parole that have been denied on their merits by the Texas Court of Criminal Appeals or dismissed as abuses of the writ.  *See id.* (collecting cases).  He has also filed multiple federal habeas petitions challenging his convictions and the denial of parole that were either denied on their merits, denied as time-barred, dismissed, or transferred to the Fifth Circuit as successive petitions.  *See id.*

## II.   THREE STRIKES

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915.  Because he is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is also subject to preliminary screening under 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Section 1915(g) of the PLRA, known as the "three-strikes" provision, provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Here, Plaintiff has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Padilla v. Pride-Richardson,* 533 F. App'x 442, 442-43 (5th Cir. 2013) (per curiam) ("reiterat[ing] that Padilla is barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he 'is under imminent danger of serious physical injury.'"). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. He has made no allegations suggesting that he is in imminent danger of serious physical injury, so he must prepay the filing fee before he may proceed with his case.

### III.   RECOMMENDATION

The plaintiff's *Application to Proceed In Forma Pauperis*, received on April 19, 2021 (doc. 6), should be **DENIED**, and his case should be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(g), unless he pays the full $402 filing fee[3] prior to acceptance of this

---

[3] As of December 1, 2020, a $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id*.

recommendation or before a deadline otherwise established by the Court.

**SIGNED this 22nd day of April, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE