IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISMAEL H. PADILLA,<br>    ID # 00356764,<br>        Plaintiff, | )<br>)<br>)<br>) |
| vs. | ) No. 3:21-CV-908-C-BH |
| | ) |
| DIR. TX., PRISON SYSTEM, et al.,<br>        Defendants. | )<br>) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's *Motion to Appeal; Findings, Conclusions, and Recommendation, and Provide Info that, 28 U.S.C. § 1915(g) does Not Exists [sic] in Pro Se Litigation*, received on May 28, 2021 (doc. 11). Based on the relevant filings and applicable law, the filing should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

### I.   BACKGROUND

On April 19, 2021, Ismael H. Padilla (Plaintiff) filed a motion to proceed *in forma pauperis* and a complaint under 42 U.S.C. § 1983 against the Director, Texas Prison System; the Director of the Parole Division; the Governor of Texas, Greg Abbott; the Ombudsman for TDCJ-I.D.; and the Ombudsman for the Texas Parole Division (Defendants). (*See* doc. 2 at 1, 3; doc. 6.)[2] On April 22, 2021, it was recommended that the motion to proceed *in forma pauperis* be denied and the case be summarily dismissed as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g), unless Plaintiff timely paid the filing fee. (*See* doc. 8.) The recommendation was accepted, the

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

complaint was dismissed as barred by the "three-strikes" rule of § 1915(g), and judgment was entered on May 17, 2021. (*See* docs. 9, 10.)

In a filing signed on April 29, 2021, and mailed on April 30, 2021, Plaintiff claims that he does not owe any federal court fees and that he is allowed "to proceed in the litigation raised in No: 3:21-CV-908-C-BH; because, the prior chargings [sic], were illegally impose[d] by the U.S. District Courts of N. of TX., [sic] Dallas division, Dallas Co., courthouse of Dallas, TX, 75207." (doc. 11 at 2; *see id.* at 1.) He also appears to claim that state and federal courts in previous proceedings violated his constitutional rights. (*See id.* at 2-3.)

## II. NATURE OF FILING

Although Plaintiff's filing is titled as a motion to appeal, it expressly challenges the April 22, 2021 recommendation to dismiss his complaint as barred by the three-strikes rule. (*See* doc. 11 at 1.) According to the filing, it was signed on and mailed prior to the acceptance of the recommendation, and it mentions neither the acceptance of the recommendation or the entry of judgment. (*See id.* at 1-4, 7.) The filing is therefore construed as timely pre-judgment objections to the April 22, 2021 recommendation. *See, e.g.*, *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Because Plaintiff's objections were received within 28 days of the entry of judgment, they should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021);

*see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Board of Directors-Farmers National Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

### III. FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff provides a redacted state inmate trust fund account statement dated February 26, 2021, and appears to claim that he does not have to pay the filing fee in this case because the account statement reads, "Federal Court Fee Owed: .00." (doc. 11 at 6; *see id.* at 1-2, 5.) He also states in the title of the filing that "28 U.S.C. § 1915(g) does not exists [sic] in pro se litigation." (*Id.* at 1.) As noted in the April 22, 2021 recommendation, § 1915(g) provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil

3

actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. (*See* doc. 8 at 3.) Because Plaintiff had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, he could not proceed without the prepayment of fees unless he showed that he was subject to imminent danger of serious physical injury. (*See id.*) He did not make this showing. (*See id.*) Neither Plaintiff's evidence, which predates his filings, or his arguments show that he prepaid the applicable filing fees required to proceed in this case. Nor has he shown that § 1915(a) is inapplicable in *pro se* cases.

Additionally, to the extent Plaintiff complains in this case of constitutional violations of state and federal courts in past proceedings, Rule 59(e) is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. Accordingly, because he has not shown the availability of new evidence not previously available, or that a manifest error of law or fact was made, he has not shown that he is entitled to relief under Rule 59(e).

## IV.  RECOMMENDATION

The *Motion to Appeal; Findings, Conclusions, and Recommendation, and Provide Info that, 28 U.S.C. § 1915(g) does Not Exists [sic] in Pro Se Litigation*, received on May 28, 2021 (doc. 11), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 7th day of June, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE