IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL H. PADILLA,  ID # 00356764,  Plaintiff, | )  )  )  ) | |
| vs. | ) | No. 3:21-CV-908-C-BH |
| | ) | |
| DIR. TX., PRISON SYSTEM, et al.,  Defendants. | )  ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Motion to Address Wrongful Errors by the U.S. Dist., Ct.*, received on August 5, 2021 (doc. 18). Based on the relevant filings and applicable law, the motion should be construed as seeking relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIED**.

### I.   BACKGROUND

On April 19, 2021, Ismael H. Padilla (Plaintiff) filed a motion to proceed *in forma pauperis* and a complaint under 42 U.S.C. § 1983 against the Director, Texas Prison System; the Director of the Parole Division; the Governor of Texas, Greg Abbott; the Ombudsman for TDCJ-I.D.; and the Ombudsman for the Texas Parole Division (Defendants). (*See* doc. 2 at 1, 3; doc. 6.)[2] On April 22, 2021, it was recommended that the motion to proceed *in forma pauperis* be denied and the case be summarily dismissed as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g), unless Plaintiff timely paid the filing fee. (*See* doc. 8.) The recommendation was adopted, the complaint was dismissed as barred by the "three-strikes" rule of § 1915(g), and judgment was

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in this civil rights action, No. 3:21-CV-908-C-BH. Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

entered on May 17, 2021.  (*See* docs. 9, 10.)

In a filing received on May 28, 2021, Plaintiff claimed that he did not owe any federal court fees and that he could proceed in the litigation because the filing fees were illegally imposed.  (*See* doc. 11 at 1-2.)  He also appeared to claim that state and federal courts in previous proceedings violated his constitutional rights.  (*See id.* at 2-3.)  On June 7, 2021, it was recommended that the filing be construed as a motion to alter or amend the judgment under Rule 59(e) and denied.  (*See* doc. 12.)  The recommendation was adopted over Plaintiff's objection, and the motion was denied on July 19, 2021.  (*See* doc. 16.)

Plaintiff now appears to argue that this civil rights case should be allowed to proceed because he has satisfied the requirements of Federal Rule of Civil Procedure 8, completed his claims "per Rule 12(b)(6)," and "the policy of the federal rules is to allow cases to proceed if, the plaintiff has any reasonable chance of obtaining, relief."[3]  (doc. 18 at 2.)  He claims that the "only unreasonable chance; the prisoner has to not receive equal protection from this (Court U.S.) is the, grudge that the U.S. Courts may have because plaintiff filed an [sic] lawsuit on the U.S. District Court in Dallas and the 5th Circuit Court of Appeals in New Orleans; LA, 70130."  (*Id.*)

## II.   FED. R. CIV. P. 60(B)

Plaintiff's filing clearly seeks relief from the judgment in this civil rights case.  "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*,

---

3 Plaintiff also complains that his civil rights claims should have been considered in his habeas case under 28 U.S.C. § 2254, received on February 26, 2021.  (*See* doc. 18 at 1; No. 3:21-CV-436-N-BH, doc. 2.)  In his § 2254 case, Plaintiff was directed by notice of deficiency and order entered March 3, 2021, to file his petition on the appropriate form, and he was advised that he could only raise habeas claims in any amended habeas petition and that the case would proceed only as a habeas action.  (*See* No. 3:21-CV-436-N-BH, doc. 4.)  He was further advised that if he wished to assert civil rights claims under 42 U.S.C. § 1983, he must bring them in a separate action.  (*See id.*)  Accordingly, when his amended civil rights complaint was received, it was filed in a separate action.  (*See* doc. 2.)

702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."). Because Plaintiff's motion was filed over two months after entry of judgment, it is properly construed as arising under Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 59(e) (requiring motion to be filed within 28 days of entry of judgment).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered. *See* Fed. R. Civ. P. 60(c)(1).

Because Plaintiff's motion does not invoke any of the reasons for relief from judgment under the first five paragraphs of Rule 60(b), it is considered under paragraph (6), which is the "catch-all" clause. *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This paragraph is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216 (citation and internal quotation marks omitted). In *Seven Elves,*

*Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to be considered when evaluating such a motion: (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (6) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Here, in support of his argument that his case should be allowed to proceed, Plaintiff references "evidences of court fees owed" that he provided with his May 28, 2021 filing, which he claims stated that he "owes .00.00." He also claims that his Fifth Amendment due process rights were violated by the denial of his complaint as barred by the "three-strikes" rule of § 1915(g), he was discriminated against, and his Thirteenth Amendment rights violated, when the Court construed his May 28, 2021 filing as a Rule 59(e) motion and denied it. (*Id.* at 3-4.) He also again claims that the PLRA does not apply in this case. (*See id.* at 5.)

As noted in the April 22, 2021 and June 7, 2021 recommendations, § 1915(g) provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. (*See* doc. 8 at 3; doc. 12 at 3-4.) Because Plaintiff had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim

4

upon which relief may be granted, he could not proceed without the prepayment of fees unless he showed that he was subject to imminent danger of serious physical injury. (*See* doc. 8 at 3; doc. 12 at 4.) He did not make this showing. (*See id.*) Nor did he show that § 1915(a) was inapplicable to his case. (*See* doc. 12 at 4.) Additionally, his arguments and the evidence provided with his May 28, 2021 filing did not show that he prepaid the applicable filing gees required to proceed in this case. (*See id.*) Although Plaintiff disagrees with these findings and offers conclusory allegations unsupported by any evidence, he has failed to come forward with new, relevant facts, evidence, or persuasive legal precedent showing that his claim is not barred by the "three-strikes" rule of § 1915(g). Nor has he demonstrated exceptional circumstances warranting relief under Rule 60(b)(6). Accordingly, Plaintiff's motion should be denied.

### III.   RECOMMENDATION

The *Motion to Address Wrongful Errors by the U.S. Dist., Ct.*, received on August 5, 2021 (doc. 18), should be construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and **DENIED**.

**SIGNED this 6th day of August, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE